THOMAS v. HUTCHINSON.

MOTION FOR NEW TRIAL—*waiver of objections.* Under the practice existing in November, 1867, the party moving for a new trial in the court below *waived* all exceptions taken in the progress of the cause, which were not *incorporated* in the motion.

SUBSTITUTED RECORD—When it appears to the court that a supplied record upon which the judgment was rendered is not a *true copy,* but varies in material matters, and that the original papers have been found and reinstated, the court should award a new trial.

*Error to Desha Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

ENGLISH, GANTT & ENGLISH, and PINDALL & RANDOLPH, for plaintiff.

GARLAND & NASH, for defendant.

GREGG, J.

The appellee and James Yell, since deceased, on the 23d of March, 1867, filed their declaration, in debt, in the Desha county circuit court, against the appellant and Bryan W. Thomas, averring in their declaration that the said defendants, and one Abel Knowlton, not sued, on the 8th of December, 1860, executed to plaintiffs an agreement in writing, not under seal, by which they promised to pay $250 for professional services in the circuit court of said county; and, if an appeal should be taken from that court, a like sum for similar services in the Supreme Court.

The declaration avers the services were rendered in both courts, and that said sums of money were due and wholly unpaid, and alleges their damages at one thousand dollars, and made profert of the instrument sued upon.

At the fall term, 1867, the deaths of Yell and Bryan W. Thomas were suggested and proved, and an order made that the suit progress in the name of the survivors.

The defendant, thereupon, craved oyer of the writing sued upon, and the court ordered that it be granted. The plaintiff was then allowed to file his affidavit of the loss of the instrument sued upon, to which the defendant excepted.

At the same term of the court, the plaintiff alleged the loss of the papers in the case, without negligence or fault of his, and made oath to the facts; and also, that a copy of a declaration and writ, by him then presented, so far as he could then

remember, were substantial copies of the originals, though he could not say "they were exact or verbal copies; that, as to dates and other material averments in the same, they compared with the originals, and were true, to the best of his knowledge and belief."

The copy of the declaration was in assumpsit, and the filing and issuing of the writ bore date March 12, 1867.

Upon hearing the application and proof, the court allowed the copies presented to be filed, as substitutes for the originals, to which the defendant excepted.

The defendant then filed her pleas of non-assumpsit and the statute of five years' limitation. The plaintiff took issue to the first plea, and filed two replications to the second plea; the first that the statute of limitations was by law suspended from the first day of December, 1862, until the 16th day of March, 1864, without which he was not barred from bringing and maintaining his action.

Secondly. That, at the time of bringing his said action, he was not barred by such statute of limitations, as was attempted to be set up by said defendant; upon which issues were formed. The cause was then submitted to the court, sitting as a jury; the court found for the plaintiff, and rendered judgment against the defendant for six hundred dollars and costs. The defendant filed her motion for a new trial, "because the judgment rendered was upon a supplied record, which was shown to be incorrect by the original papers found; because the declaration upon which judgment was rendered was in assumpsit, and filed, and the writ issued, as of the 12th of March, 1867, when, in fact, the declaration was in debt, and was filed the 23d of March, 1867; that the judgment was rendered without sufficient evidence and against law."

The court overruled the motion, and the defendant excepted and appealed. Defendant's bill of exceptions contains her objections to the decisions and rulings of the court, in allowing plaintiff's affidavit to be filed in answer to her prayer of oyer; to allowing the papers, purporting to be substantial copies

filed as substitutes for the originals; to the admissions of evidence; to the finding and judgment of the court; and to the overruling her motion for a new trial; which exceptions were signed and made part of the record.

It may be considered as settled, under the practice then existing, that a party who moved for a new trial, in the court below, waived exceptions taken in the progress of the cause, unless the objections taken were incorporated in such motion. *Waller v. State,* 4 *Ark.,* 87; *Sawyers v. Lathrop,* 9 *Ark.,* 67; *Berry v. Singer,* 10 *Ark.,* 483; *Ford v. Clark,* 12 *Ark.,* 99; *Nevill v. Hancock,* 15 *Ark.,* 511; *Collier v. State,* 20 *Ark.,* 36.

Counsel have seen fit to argue some of those exceptions here, but they will not be considered.

The only grounds for a new trial were, that the trial was had upon a false supplied record, and the finding contrary to the evidence. We think those objections well taken.

The defendant had a right to a trial upon the original causes of action declared against her, and when it appeared to the court that the supplied record was not a copy, that it varied in matters material and prejudicial to the defendant, and this record shows that the original papers were found, and by an order of the court "reinstated on the record in their full force," before the motion for a new trial was made; upon that ground we hold the court ought to have granted a new trial.

In reference to the sufficiency of the evidence to sustain the plea of the statute of limitations, under the issues as formed between the parties, upon the original record, the statute bar had attached; not so under the supplied record; and whether the act of the so-called Confederate Arkansas State Legislature of December 1, 1862, is valid or not, the result is the same; and we do not now assume to settle that difficult question, not raised upon the record before us.

Let the judgment be reversed, and the cause remanded, with
36

instructions to allow the defendant to plead to the original declaration, and to proceed to judgment thereon according to law.

Judge HARRISON, being disqualified, did not sit in this case.
Hon. JOHN WHYTOCK, Special Supreme Judge.